UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-cv-61521-BLOOM/Valle

SEASIDE INSURANCE, INC.,

    Plaintiff,

v.

SEA SIDE INSURANCE GROUP, LLC,
and MARIA G LOPEZ,

    Defendants.
_____/

## DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Final Judgment, ECF No. [31], (the "Motion"), filed on October 23, 2018. For the reasons given in the Court's Order on the Motion, the Court grants the Motion, and enters a final judgment, pursuant to Rule 58 of the Federal Rules of Civil Procedure, in favor of Plaintiff, Seaside Insurance, Inc., against Defendants Maria G. Lopez and Sea Side Insurance Group, LLC (together, "Defendants") pursuant to Counts I, III and V. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants and their respective agents, servants, employees and all others acting in concert or participating with them are hereby enjoined from further acts of service mark infringement under 15 U.S.C. §1116 and shall not use SEASIDE INSURANCE, or any marks confusingly similar to SEASIDE INSURANCE, in commerce;

2. All labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing SEASIDE INSURANCE or any marks

CASE No. 18-cv-61521-BLOOM/Valle

confusingly similar to SEASIDE INSURANCE, shall be delivered up for destruction under 15 U.S.C. §1118;

3. Pursuant to Count I, Plaintiff is hereby awarded statutory damages sustained by reason of Defendants' trademark infringement in the amount of One Thousand Dollars ($1,000.00) under 15 U.S.C. §1117(c);

4. GoDaddy.com, as registrar of the domain name seasideinsurancegroup.com, shall transfer registration and control of the seasideinsurancegroup.com domain name to Plaintiff;

5. Any and all other websites, in the possession, custody, or control of Defendants or their agents, bearing SEASIDE INSURANCE, or any marks confusingly similar to SEASIDE INSURANCE, shall be promptly taken offline and assigned to Plaintiff by Defendant, or the respective domain name registrar of each respective site;

6. Pursuant to Count III, Defendants and their respective agents, servants, employees and all others acting in concert or participating with them are hereby enjoined from further acts of unfair competition in violation of the Lanham Act 15 U.S.C. §1125(a) and shall not register or use the Clipper Logo, or any confusingly mark;

7. Pursuant to Count V, Defendants and their respective agents, servants, employees and all others acting in concert or participating with them are hereby enjoined from further acts of cybersquatting in violation of the Lanham Act 15 U.S.C. §1125(d) and shall not register or use any domain name containing SEASIDE INSURANCE, or any confusingly mark;

CASE No. 18-cv-61521-BLOOM/Valle

8.  Plaintiff is awarded statutory damages in the amount of Ten Thousand Dollars ($10,000.00) sustained by reason of Defendants' cybersquatting with a bad faith intent to profit by registering and using the Sea Side Insurance Group Website, www.seasideinsurancegroup.com, pursuant to 15 U.S.C. §1117(d); and

9.  Plaintiff is awarded its reasonable attorneys' fees and costs in the amount of Thirty Two Thousand and Seven Dollars ($32,007.00) for Defendants' willful and bad faith trademark infringement based on a finding that Defendants acted in bad faith and this case is exceptional pursuant to 15 U.S.C. §1117(a).

10. The Court retains jurisdiction to enforce this Final Default Judgment.

11. The Clerk of Court is directed to **CLOSE** this case.

12. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record